## Agnew *versus* McElhare.

1. To sustain a *qui tam* action for usury, a previous conviction on indictment for the offence, is not necessary.

2. A person received $950 and gave his note for $1000. He afterwards received $1425, and gave *his mortgage* for $2500, the amount of the previous contract being included. He made an assignment, and the purchaser of the land took it subject to the mortgage, and agreed to pay it. Its amount was subsequently paid into bank to the credit of the person who advanced the money, and was afterwards paid on his orders. *Held*, that the forbearance was properly alleged to have been given to the borrower and not to the purchaser; and that the time of payment of the usurious interest was well laid as of the date of the payment into bank to the lender's credit.

ERROR to the Common Pleas of *Bedford county*.

[Agnew v. McElhare.]

This was an action of debt, brought by Maria McElhare, who sued as well for herself as for the Commonwealth of Pennsylvania v. Agnew, for $2375, the penalty under the Act of 1723, against usury. The defendant in the action, in 1837, lent to John Poe $950, and took his note for $1000 with interest. On the 4th September, 1838, he lent him $1425 more, and took from him a bond and mortgage for $2500, being $125 more than the two amounts actually lent.

The interest on the $2500 was paid by John Poe so long as he held the mortgaged property, but afterwards, viz. in 1843 or 1844, Maria McElhare acquired the title to the property, and agreed to pay the mortgage; and from that time she paid the interest. It was testified that Poe had said that Agnew had not charged him usurious interest. Afterwards he said he had, viz. $50. This was about the time Poe made an assignment for the benefit of his creditors. After Mrs. McElhare became the purchaser of Poe's property, Agnew agreed that he would not press for the principal, if she would pay the interest punctually.

The mortgage fell due on the 4th September, 1843, but was not paid until 3d April, 1848, when the whole principal and the arrears of interest were paid into the Bank of Chambersburg to the credit of Agnew, and were shortly afterwards drawn out by him. The paper-book furnished to the reporter, does not contain any abstract of the declaration; but it is understood to be in the usual form, founded upon this last payment, and alleging the forbearance to have been *to John Poe*.

The second section of the Act of 2d March, 1723, provides, "if any person or persons do or shall receive or take more than six pounds per cent. per annum, on any such bond or contract as aforesaid, *upon conviction thereof*, the person or persons so offending shall forfeit the money and other things lent, one-half thereof to the governor for the support of government, and the other half to the person who shall sue for the same, by action of debt, bill, plaint, or information, in any Court of record within this province," &c.

On the trial, various points were submitted on the part of the defendant, some of which were as follows:

1. That before a *qui tam* action to recover the penalty under the statute against usury, passed 2d March, 1723, can be sustained, a conviction for the offence must have taken place; that no such conviction of the defendant having taken place in the case at bar, the plaintiff cannot recover.

3. That there must be not only an usurious contract at the time of the loan, and an usurious taking in pursuance thereof, but the plaintiff, in his declaration to recover the penalty under the statute, must state exactly both the day or time of the usurious contract

or loan, and the day or time when the usurious interest was received or taken, and that a misstatement of either will bar a recovery.

7. That if the forbearance of the several sums of money mentioned in plaintiff's declaration was given to Maria McElhare, or any other person than John Poe, the plaintiff cannot recover.

In answer to the *first* point, the Court charged that no previous conviction on indictment was necessary. The third point was affirmed; and to the *seventh*, the Court replied that the law was correctly stated. And in reply to another point, the fifth, the Court charged that a payment into the Bank of Chambersburg, in Franklin county, was a payment to Agnew, if he authorized the payment there; and that he did authorize it was sufficiently proved by his receiving the money.

Verdict for plaintiff for $2375.

The principal errors assigned were to the answer to the first point, that no previous conviction on indictment was necessary; that the averment of forbearance to John Poe instead of to Maria McElhare, was properly laid; and that the time of payment was well laid as of the date of the payment into bank to Agnew's credit.

*Cessna,* for plaintiff in error, contended that a conviction on indictment should have preceded this action. That after Mrs. McElhare purchased the land, the forbearance was given to her. She bought the land subject to the mortgage.

*Nill* and *Smith,* for defendant in error.—That a previous conviction on indictment was unnecessary, reference was made to 10 *Watts* 382, Gamble *v.* Gamble.

As to the question of usury, reference was made to 4 *W. & Ser.* 449, Lamb *v.* Lindsey; 4 *Harris* 269, Oyster *v.* Longnecker; 2 *Bos. & Pul.* 381.

The forbearance was to Mrs. McElhare. John Poe made an assignment to Vantriess, who sold the land to Mrs. McElhare, and she gave her bonds for the whole of the purchase-money. She purchased subject to the mortgage. There was no usury committed as to Mrs. McElhare, as she received value for her engagement.

*Lyon,* in reply.

The opinion of the Court was delivered, June 17, by

LOWRIE, J.—The loan in this case was to John Poe, and it was secured by bond and mortgage, and after this the land was sold to Maria McElhare, charged with the mortgage, and the usurious interest accrued after her purchase, and was paid by her. The

[Agnew v. McElhare.]

defendant below therefore objected, that the evidence did not sustain the declaration, which averred a forbearance to John Poe.

It would hardly be consistent with candor to encourage a refinement of this sort as a means of evading the penalty of an Act of Assembly. The contract was with John Poe, and it was proper to aver a forbearance to him, though in fact by an arrangement of his another person was to satisfy the bond and mortgage, and had agreed to do so.

The offence is complete when more than legal interest is received "for the loan or use of money," or "for the forbearance" of it, on "any bond or contract," and the declaration states the case truly in form and substance, when it avers a forbearance to the obligor in the bond, for he alone could be sued upon it. It would not state it truly if it averred forbearance to Maria McElhare, though her land is liable for the debt. Besides this, the averment of forbearance is only one form of averring that Poe had the loan and use of the money, which could not be averred of Maria McElhare, for she borrowed nothing from the defendant, and was indebted to him only indirectly.

We discover no error in any part of the record.

Judgment affirmed.